# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

BEL USA LLC, a
Delaware Limited Liability Company,

       Plaintiff,                           Case No.: 2020-cv24421

v.

BRAD MEYER, an individual,
EVOLV PRODUCTS LLC, an Arizona Limited Liability Company,
LIVE OAK TRADING COMPANY LLC, a Texas Limited Liability Company,
KEY MIX SOLUTIONS LLC, a Colorado Limited Liability Company
VITALPURE NUTRACUTICAL LLC, a Utah Limited Liability Company

       Defendants.

_____ /

## COMPLAINT

Plaintiff BEL USA LLC ("Plaintiff" or "Bel") by and through undersigned counsel, sues

Defendants BRAD MEYER ("Meyer"), EVOLV PRODUCTS LLC ("Evolv"), LIVE OAK

TRADING COMPANY LLC ("Live Oak"), KEY MIX SOLUTIONS LLC, ("Key Mix"), and

VITALPURE NUTRACUTICAL LLC, ("Vital Pure") (collectively, the "Defendants") and states

as follows:

## INTRODUCTORY STATEMENT

1.     This is an action seeking to recover damages caused by the fraudulent conduct and

wrongful business dealings by the Defendants – the manufacturer, suppliers, and wholesale

distributers of hand sanitizer – who together conspired to supply non-conforming goods to Bel and

defraud Bel of its deposit of over Three Hundred Thousand Dollars ($300,000.00).  This action

contains claims against the Defendants for: civil conspiracy, breach of express warranty, breach

of implied warranty of merchantability, breach of implied warranty of fitness for a particular

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 2

purpose, breach of contract (or, in the alternative, unjust enrichment), fraud, and negligent misrepresentation.

## **THE PARTIES**

1.     Plaintiff BEL USA LLC is a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida.  Each of Bel's members reside in Florida.  Bel is a retailer which sells household goods and other consumer goods to customers throughout the United States, including in the Southern District of Florida.  Bel entered into a purchase order with Evolv for a large quantity of hand sanitizer, which is the subject of this dispute.

2.     Defendant BRAD MEYER is an individual who, upon information and belief, is domiciled in Idaho.  At all relevant times herein, Meyer acted both individually and as an agent on behalf of each of the other Defendants below to fulfill Bel's purchase of a large quantity of hand sanitizer.

3.     Defendant EVOLV PRODUCTS is an Arizona Limited Liability Company.  Upon information and belief, Evolv's sole Member and Managing Member is Defendant Brad Meyer, who is domiciled in Idaho.  At all relevant times herein, Evolv held itself out as a wholesale manufacturer, distributer, and seller of hand sanitizer.

4.     Defendant LIVE OAK TRADING COMPANY LLC is a Texas Limited Liability Company with its principal place of business in Frisco, Texas..  At all relevant times herein, Live Oak held itself out as a wholesale manufacturer, distributer, co-packer, and seller of hand sanitizer.

5.     Defendant KEY MIX SOLUTIONS LLC is a Colorado Limited Liability Company.  At all relevant times herein, Key Mix held itself out as a wholesale distributer and seller of hand sanitizer.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 3

6.      Defendant VITALPURE NUTRACUTICAL LLC is a Utah Limited Liability Company with its principal place of business at 2104B Memorial Boulevard, Kerrville, TX 78028. At all relevant times herein, Vital Pure held itself out as a manufacturer, supplier, and co-packer of the goods at issue in this matter.

## JURISDICTION AND VENUE

7.      This is an action for damages in excess of $75,000.00 (exclusive of interest, attorney's fees and costs).

8.      This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between (i) Plaintiff and (ii) Defendants.

9.      This Court has personal long arm jurisdiction over Defendants pursuant to Florida Statute 48.193(1)(a)(2) because, as described in greater detail below, Defendants (either personally or through an agent), committed tortious acts against Bel within this District and/or committed tortious acts outside of this District causing injury in this District to Bel – thereby submitted themselves to the jurisdiction of the courts of this State.

10.     This Court has personal long arm jurisdiction over the Defendants pursuant to Florida Statute 48.193(6) because, as described in greater detail below, the Defendants caused injury to property within this state arising out of an act or omission by the Defendants outside the state; and that, at or about the time of injury, (i) Defendants were engaged in solicitation or service activities within this state; and (ii) products, materials, or things manufactured by the Defendants were used or consumed within this state in the ordinary course of commerce, trade or use.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 4

11.     This Court has personal long arm jurisdiction over the Defendants pursuant to Florida Statute 48.193(7) because Defendants (acting through an agent) breached a contract in this State by failing to perform acts required by the contract to be performed in this State.

12.     Personal jurisdiction over Defendants meets the minimum contacts or due process requirements such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice because (i) Defendants knowingly procured and/or delivered goods directly to Bel in Florida; (ii) Modern methods of transportation and communication reduce significantly any burden on Defendants to litigate in the State of Florida; and (iii) The State of Florida has a strong interest in seeing this matter resolved in Florida, as the dispute involves services performed by out-of-state companies to its residents and companies.

13.     Venue is proper in the Southern District of Florida because Defendants procured and/or delivered goods to Bel at Bel's offices within this District.

14.     Any conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused.

## FACTS COMMON TO ALL COUNTS

### COVID-19 and the heightened market for hand sanitizer

15.     As early as January 31, 2020, the SARS-CoV-2 novel coronavirus ("COVID-19") pandemic caused a recognizable public health emergency in the United States.[1]

---

[1] *Temporary Policy for the Transportation of Certain Alcohol-Based Hand Sanitizer Products During the Public Health Emergency (COVID-19)*, https://www.phmsa.dot.gov/sites/phmsa.dot.gov/files/2020-04/PHMSA%20Hand%20Sanitizer%20Relief%20Notice.pdf

Pardo Jackson Gainsburg, PL · 200 S.E. 1st Street · Suite 700 · Miami, Florida  33131

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 5

16.     On March 13, 2020, the President declared a national emergency in response to COVID-19.[2]

17.     Due to COVID-19, there was a "notable increase in the demand for products used for sanitation purposes," including consumer-grade hand sanitizer.[3]

18.     As early as April 2020, and in response to COVID-19, the Centers for Disease Control and Prevention (CDC) recommended that all U.S. consumers use an alcohol-based hand sanitizer for protection against COVID-19.[4]

19.     As a result of COVID-19 and the CDC's recommendation, the market for hand sanitizer was heightened and very active in mid-2020.

**Bel's Purchase Order for a large quantity of CLEAR sanitizer**

20.     In early May 2020, Plaintiff Bel – a retail distributor of household products, including hand sanitizer – desired to procure a large quantity of hand sanitizer to market and distribute to its customers.

21.     On or about April 25, 2020, Bel entered into purchase order PO2004000048 with Evolv (the "Purchase Order"). The Purchase Order is attached hereto as **Exhibit "A."**

22.     Pursuant to the Purchase Order, Bel contracted to purchase from Evolv two hundred thousand (200,000) units of 8.5 oz "CLEAR" pump top hand sanitizer (the "Products").  *See* Compl., Ex. A.

---

[2] *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak* (Mar. 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.
[3] *Id.*
[4] *See* https://www.cdc.gov/handwashing/hand-sanitizer-use.html

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 6

23.     Bel understood from Evolv that, based on the limited availability of certain parts necessary to manufacture the Products, Evolv would fulfill the Purchase Order in two tranches – one hundred thousand (100,000) units per tranche.

24.     Based in part on the express representation that the sanitizer was "CLEAR" and that both tranches would ultimately be delivered within two weeks – on or prior to May 10, 2020 – Bel remitted to Evolv a deposit equal to fifty percent (50%) of the purchase price, or Three Hundred and Sixteen Thousand and 00/100 Dollars ($316,000.00) (the "Deposit").

**Evolv (through Meyer) continually misrepresents the status of delivery while simultaneously insisting that Bel pay further deposits on Products not received**

25.     Despite Evolv's agreement to timely deliver goods, it failed to perform and repeatedly sought to extend deadlines to excuse its non-performance.

26.     On May 10, 2020, Evolv (through its sole member, Meyer) notified Bel that the first tranche of Products was not ready for delivery; however, Meyer reassured Bel that it would be ready "within two weeks."

27.     On or about May 15, 2020, Evolv (again, through Meyer) notified Bel that two trucks carrying a total of one hundred thousand (100,000) units of the Product (i.e., the first tranche of half of the Purchase Order) was in transit.

28.     Evolv then sent Bel copies of bills of lading, apparently to substantiate the shipments to Bel.

29.     When Bel attempted to track the shipments, Meyer informed Bel that there was no way to track the shipments but that shipments would arrive "the following day" – May 19, 2020.

30.     No shipments arrived on May 19, 2020.

---

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 7

31.     When Bel notified Meyer that no shipments arrived as promised, Meyer told Bel that the shipment would arrive "a few days later" – on May 23, 2020.

32.     However, no shipments arrived on May 23, 2020.

33.     When Bel notified Meyer that – once again – no shipments had arrived as scheduled, Meyer told Bel that a single truck carrying a *partial* delivery of the first tranche of Products -- fifty thousand (50,000) units (i.e., a quarter of the Purchase Order) – would arrive "a few days later" – on May 26, 2020.

34.     On May 26, 2020, the truck which was supposed to contain fifty thousand units arrived.  However, the truck only delivered 43,947 units to Bel.

35.     Shortly after receiving this inadequate and partial delivery, Meyer contacted Bel requesting that Bel return fourteen thousand units of Product.   According to Meyer, those 14,000 units of Product were "promised to another customer in New York."

36.     Bel declined this offer.

37.     Meyer continued and advised Bel of a "last minute change" to the Purchase Order: Meyer insisted that Bel place the balance owed on the ***entire*** Purchase Order into escrow before Evolv would continue delivery on the first tranche.

38.     Bel declined this offer and advised Meyer that Bel would pay only for the 43,947 units which Bel had actually received.

39.     Meyer then advised Bel that a new shipment of Products (enough to fulfill the first tranche of the Purchase Order) would arrive on May 29, 2020.  Meyer once again insisted that Bel pay for the entire Purchase Order.

40.     Bel declined this offer.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 8

41.     The next day, on May 27, 2020, Meyer advised Bel to expect delivery (again, enough to fulfill 50% of the Purchase Order) on June 1, 2020.

42.     On May 28, Meyer contacted Bel and once again requested payment on the entire Purchase Order and promised that a delivery would arrive the next day.

43.     Bel declined this offer.

44.     On May 29, Meyer again contacted Bel with the same plea: pay for the entire Purchase Order and delivery would arrive the next day.

45.     Bel declined this offer.

46.     On June 1, 2020 – the date which Meyer represented the delivery would arrive – Meyer once again requested the balance on the entire Purchase Order and now advised Bel that the first tranche would "maybe" be fulfilled on June 3, 2020.

**Bel cancels its options for the second tranche and pleads with Meyer for information regarding the remainder of the first tranche of Products**

47.     At this point, Bel was concerned that it had not received even ***half*** of the Purchase Order and yet Evolv was insisting on payment for the ***entire*** Purchase Order.

48.     On June 2, 2020, Bel advised Evolv that it was cancelling its option on the second tranche of the Purchase Order, and urgently requested an update on the remainder of the first tranche of Products.

49.     On June 3, 2020, Meyer told Bel that shipment of the remainder of the first tranche was due in Texas soon and that Evolv could fulfill the order "rather quickly."

50.     In response, Bel emailed Meyer requesting precise dates for delivery.

51.     Meyer did not respond.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 9

**Bel learns for the first time that Evolv was not the manufacturer of the Products**

52.     On June 4, 2020, Bel emailed Meyer and again pleaded for precise dates of delivery.

53.     In response, on June 5, 2020, Meyer informed Bel that the pumps for the sanitizers had apparently arrived *that day* (i.e., Thursday, June 4, 2020) and that delivery would go out "over the weekend."

54.     Bel was confused, as Bel had always understood that Evolv was the sole manufacturer of the Products.

55.     Meyer informed Bel that all the components for manufacturing the Products were sent to "a different factory" and that Evolv had not yet received them.

56.     At this point, Bel learned for the first time that Evolv was not the manufacturer of the hand sanitizer.

57.     Meyer represented to Bel that another entity, Defendant Live Oak, was the "co-packer" and manufacturer for the product.

58.     On June 5, 2020, Meyer (acting as agent for Evolv and/or Live Oak) promised to Bel that, even if Evolv did not fulfill the Purchase Order by June 12, 2020, that Live Oak would issue Bel a *full refund* of the Deposit within seven (7) days.

59.     Bel accepted this offer.

60.     On June 9, 2020, Bel (through counsel) transmitted correspondence to Meyer, as agent for Live Oak ("June 9, 2020 Correspondence") which documented their understanding.  The June 9, 2020 Correspondence is attached hereto as **Exhibit "B."**

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 10

### Bel receives delivery of non-conforming and unmerchantable goods

61.     On June 15, 2020, Bel finally took possession of 100,000 units of Products, i.e. half

of the Purchase Order.

62.     Upon arrival of the goods at its facility, Bel began to inspect the goods and found

that a substantial portion it received were materially defective and, therefore, unmerchantable.

63.     By way of example, Bel observed the following defects in the goods:

- Liquid which was discolored (i.e., not "CLEAR");
- Liquid which smelled putrid and noxious;
- Liquid which lacked sufficient viscosity (i.e., consistency was watery);
- Bottles which lacked labels
- Bottle labels without any expiration date (in violation of federal law); and
- Bottle labels without any lot number (in violation of federal law).

### <u>Pictures of the Non-Conforming and Defective Goods</u>

 

64.     On June 19, 2020, Bel (through counsel) transmitted correspondence to Meyer as

agent for Live Oak ("June 19, 2020 Correspondence").  The June 19, 2020 Correspondence is

attached hereto as **Exhibit "C".**

---

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 11

65.     Through the June 19, 2020 Correspondence, Bel rejected the Products as non-conforming and unmerchantable.

**Bel receives a <u>second</u> delivery of non-conforming and unmerchantable goods**

66.     In response to Bel's June 19, 2020 Correspondence, Evolv and/or Live Oak agreed to substitute the non-conforming products and deliver conforming goods to Bel.

67.     Thereafter, On July 1, 2020, a partial delivery of substitute goods was delivered to Bel.

68.     The quality of the replacement goods was similarly non-conforming and unmerchantable for largely the same reasons as the previously delivered non-conforming products:

 

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 12

69.     On July 3, 2020, Bel (through counsel) transmitted correspondence to Meyer as agent for Live Oak formally rejecting the substitute goods ("July 3, 2020 Correspondence").  The July 3, 2020 Correspondence is attached hereto as **Exhibit "D."**

70.     In early July 2020, Bel became increasingly concerned that it would not receive conforming and merchantable goods from Evolv and/or Live Oak and that, even if Bel returned the goods, that neither Evolv nor Live Oak would stand true to its promise to refund Bel its Deposit.

**Bel discovers a previously unknown and extensive supply chain and is repeatedly told that a refund of its Deposit is imminent**

71.     Bel ultimately demanded a full refund of its Deposit from Meyer, Evolv, and Live Oak.

72.     On July 6, 2020, in response to an inquiry by Bel of the status of that refund, Bel received e-mail correspondence from Live Oak (the "July 6 2020 E-Mail"), wherein Bel discovered for the first time that the goods it purportedly purchased from Evolv and/or Live Oak was actually part of a much more extensive supply chain than Meyer had previously represented. The July 6, 2020 E-Mail is attached hereto as **Exhibit "E."**

73.     Live Oak, in its July 6, 2020 E-Mail, advised Bel that, while **Bel** purchased goods from **Evolv**, **Evolv** in turn purchased from **Live Oak**; **Live Oak** purchased from another entity, Defendant **Key Mix**, and that **Key Mix** purchased from another entity, Defendant **Vital Pure**, and that it was *Vital Pure* which had actually manufactured the hand sanitizer:

74.     The supply chain (as understood by Bel) is depicted below:

**Vital Pure (Manufacturer) → Key Mix → Live Oak (acting through Meyer, its agent) → Evolv (acting through Meyer, its Member) → Bel (consumer)**

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 13

75.     Based upon this new supply chain provided to Bel by Live Oak, Bel understood that the Defendants were interconnected and mutually responsible for fulfilling Bel's Purchase Order, and that each benefitted (in part or in whole) from receiving and retaining Bel's Deposit.

76.     Upon information and belief, Vital Pure had never manufactured hand sanitizer before the year 2020.

77.     Upon information and belief, none of Evolv, Live Oak, or Key Mix had never mass-distributed hand sanitizer before the year 2020.

78.     Critically, Live Oak, through its July 6, 2020 Correspondence, represented that the refund process to Bel "has been started." *See* Compl., Ex. E.

79.     As recently as July 8, 2020, Live Oak took the position that *all* refunds would be initiated by Vital Pure.

80.     On July 14, 2020, Meyer (both individually and on behalf of Evolv) represented to Bel that all of the other players in the supply chain were actively "working to finalize the refund."

**The supply chain unravels and the scheme to defraud Bel is revealed**

81.     As it turns out, Defendants' representations were complete lies, no refund was in process and no refund was forthcoming.

82.     On July 16, Live Oak sent email correspondence to Bel, Meyer, Evolv, Key Mix, and Vital Pure, wherein Live Oak confirmed that the sanitizer sent to Bel was "bad product" and that Live Oak had knowledge of at least seven (7) bad shipments by Vital Pure to various consumers across the country.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 14

83.     Upon information and belief, the Defendants (individually and collectively) had knowledge ***prior to*** July 16, 2020 that Vital Pure was unable to procure merchantable sanitizer to Bel.

84.     As recently as July 22, 2020, Vital Pure was still representing to Bel and the other Defendants that it was still "working on [providing a refund]" to Bel.

85.     On July 23, 2020, Live Oak represented that it, too, was "still doing everything we can to get [Vital Pure] to issue refunds in a timely manner."

86.     In fact, neither Vital Pure nor Live Oak was not working to issue a refund to Bel whatsoever.

87.     As recently as July 15, 2020, Key Mix took the position that it was expecting the refund to be issued by Vital Pure.

88.     On July 21, 2020, Live Oak directed e-mail correspondence to Key Mix, purportedly demanding multiple refunds.

89.     Key Mix, in turn, directed e-mail correspondence to Vital Pure on July 22, 2020 asking "what the hell is going on" with Bel's refund.

90.     Immediately thereafter, on July 23, 2020, Meyer, Evolv, and Live Oak collectively took the position that (i) Vital Pure was the source of Bel's refund and that (ii) Live Oak was "broke and struggling to even do business" – impliedly conceding that Meyer, Evolv, and Live Oak had already appropriated the Deposit monies it received (in whole or in part) prior to fulfilling the Purchase Order.

91.     On July 22, 2020, Vital Pure took the position that it could not issue a refund of Bel's Deposit because Vital Pure was "out of cash" – impliedly conceding that Vital Pure had also

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 15

appropriated the Deposit monies it had received (in whole or in part) prior to fulfilling the Purchase

Order.

92.     Bel's refund for its Deposit was neither initiated nor fulfilled at any time.

## COUNT I
### (Civil Conspiracy – against all Defendants)

93.     Bel adopts and realleges each and every allegation contained in Paragraphs 1

through 92 above as if specifically set forth herein.

94.     Defendants, and/or their agents, combined, conspired, agreed and acted in concert

and in furtherance of a plan to, *inter alia*, unlawfully and fraudulently induce Bel to enter into the

Purchase Order and then retain Bel's Deposit without delivering to Bel conforming and

merchantable goods.

95.     In furtherance of the conspiracy, Defendants acted in concert to conduct unlawful

acts including:

    a.     Making false and/or negligent representations about the quality and merchantability
        of the hand sanitizer to be delivered to Bel;

    b.     Making false and/or negligent representations as to which entity was the
        manufacturer of the hand sanitizer;

    c.     Knowingly delivering to Bel goods which Defendants knew were non-conforming
        and unmerchantable;

    d.     Making false and/or negligent representations about Bel's refund status; and

    e.     Fraudulently withholding all or part of Bel's Deposit without fulfilling the Purchase
        Order with conforming and merchantable goods.

96.     Through their conspiracy to defraud Bel, each of the Defendants benefitted by

retaining Bel's Deposit (either in whole or in part).

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 16

**WHEREFORE**, Bel respectfully requests that the Court enter judgment in its favor and against each of the Defendants, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT II
### (Breach of Express Warranty Pursuant to § 672.313, Fla. Stat. – against Evolv)

97.     Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

98.     The Purchase Order was an agreement for the sale of goods (i.e., hand sanitizer), for which Evolv was the seller/vendor and Bel was the buyer.

99.     Evolv and Bel were in privity with each other vis-à-vis the Purchase Order.

100.     Evolv, all relevant times, was a "merchant" within the meaning of § 672.104(1), Fla. Stat. because it regularly deals and/or held itself out to Bel that it deals in goods like those involved in the Purchase Order.

101.     The hand sanitizer delivered to Bel was defective, non-conforming, and unmerchantable.

102.     Evolv made a false statement of material fact about the hand sanitizer, including that it was "CLEAR." *See*, Compl., Ex. A.

103.     Bel reasonably relied on Evolv's statement to its detriment.

104.     Bel is entitled to damages as a result, including a return of its Deposit.

**WHEREFORE**, Bel respectfully requests that the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

---

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 17

## COUNT III
### (Breach of Implied Warranty of Merchantability
### Pursuant to § 672.314, Fla. Sta. – against Evolv)

105. Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

106. The Purchase Order was an agreement for the sale of goods (i.e., the hand sanitizer), for which Evolv was the seller/vendor and Bel was the buyer.

107. Evolv and Bel were in privity with each other vis-à-vis the Purchase Order.

108. Evolv, at all relevant times was a "merchant" within the meaning of § 672.104(1), Fla. Stat. because it regularly deals and/or held itself out to Bel that it deals in goods like those involved in the Purchase Order.

109. Evolv sold to Bel goods which are defective and not suitable or fit for the ordinary purposes for which similar goods are reasonably used.

110. Bel is entitled to damages as a result, including a return of its Deposit.

**WHEREFORE,** Bel respectfully requests the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT IV
### (Breach of Implied Warranty of Fitness for a Particular Purposes
### Pursuant to § 672.315, Fla. Sta. – against Evolv)

111. Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

112. The Purchase Order was an agreement for the sale of goods (i.e., the hand sanitizer), for which Evolv was the seller/vendor and Bel was the buyer.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 18

113.    Evolv and Bel were in privity with each other vis-à-vis the Purchase Order.

114.    Evolv sold to Bel goods which are defective and not fit for the particular purpose for which Bel intended.

115.    Bel is entitled to damages as a result, including a return of its Deposit.

**WHEREFORE,** Bel respectfully requests the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT V
### (Breach of Contract – against Evolv)

116.    Bel adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

117.    Bel and Evolv entered into certain agreements, including the Purchase Order, whereby Evolv agreed to provide the "CLEAR" hand sanitizer to Bel.

118.    As documented by the June 9, 2020 Correspondence, Bel and Evolv further agreed that Bel would be entitled to a *full refund* if Evolv did not fulfill the Purchase Order by June 12, 2020.

119.    The terms agreed upon by Bel and Evolv, evidenced in part by the Purchase Order and the June 9, 2020 Correspondence, constitute an enforceable and binding contract between Bel and Evolv.

120.    Bel performed its obligations pursuant to this agreement, including by paying the Deposit.

Pardo Jackson Gainsburg, PL · 200 S.E. 1st Street · Suite 700 · Miami, Florida  33131

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 19

121.    Evolv received the benefit of the Purchase Order, including by retaining Bel's Deposit.

122.    Evolv breached the Purchase Order by failing to fulfill the Purchase Order (either by June 12, 2020 or otherwise) and failing to refund Bel's Deposit in full.

123.    Bel has been damaged as a direct result of Evolv's breaches.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

**COUNT VI**
**(Unjust Enrichment – pled *in the alternative* against Evolv)**

124.    Bel adopts and realleges each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

125.    In the alternative to entering into a contract with Evolv, Bel conferred a benefit on Evolv by making its Deposit with the expectation that it would receive conforming and merchantable goods.

126.    Evolv voluntarily accepted and retained the benefits (in whole or in part) conferred by Bel.

127.    The circumstances render Evolv's retention of the benefits inequitable unless Evolv pays back to Bel the value of the benefits it received.

128.    Evolv has been unjustly enriched at Bel's expense.

129.    Bel lacks an adequate remedy at law.

130.    Bel is entitled to damages as a result of Evolv's unjust enrichment.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 20

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT VII
### (Unjust Enrichment – against Live Oak)

131.    Bel adopts and realleges each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

132.    Bel conferred a benefit on Live Oak by making the Deposit for the Purchase Order.

133.    Live Oak voluntarily accepted and retained the benefits (in whole or in part) conferred by Bel.

134.    The circumstances render Live Oak's retention of the benefits inequitable unless Live Oak pays back to Bel the value of the benefits it received.

135.    Live Oak has been unjustly enriched at Bel's expense.

136.    Bel lacks an adequate remedy at law.

137.    Bel is entitled to damages as a result of Live Oak's unjust enrichment.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Live Oak, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT VIII
### (Unjust Enrichment –against Key Mix)

138.    Bel adopts and realleges each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

139.    Bel conferred a benefit on Key Mix by making the Deposit for the Purchase Order.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 21

140.   Key Mix voluntarily accepted and retained the benefits (in whole or in part) conferred by Bel.

141.   The circumstances render Key Mix's retention of the benefits inequitable unless Live Oak pays back to Bel the value of the benefits it received.

142.   Key Mix has been unjustly enriched at Bel's expense.

143.   Bel lacks an adequate remedy at law.

144.   Bel is entitled to damages as a result of Live Oak's unjust enrichment.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Key Mix, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT IX
### (Unjust Enrichment – against Vital Pure)

145.   Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein

146.   Bel conferred a benefit on Vital Pure by making the Deposit for the Purchase Order.

147.   Vital Pure voluntarily accepted and retained the benefits (in whole or in part) conferred by Bel.

148.   The circumstances render Vital Pure's retention of the benefits inequitable unless Live Oak pays back to Bel the value of the benefits it received.

149.   Vital Pure has been unjustly enriched at Bel's expense.

150.   Bel lacks an adequate remedy at law.

151.   Bel is entitled to damages as a result of Live Oak's unjust enrichment.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 22

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Vital Pure, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

### COUNT X
### <u>(Fraud – against Meyer)</u>

152.    Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein

153.    Meyer, individually, made false statements concerning material facts to Bel

154.    Specifically, Meyer falsely represented to Bel that:

   a.    Live Oak was the sole manufacturer of hand sanitizer that would be delivered to Bel;

   b.    Evolv intended to fulfill the Purchase Order with conforming and merchantable goods;

   c.    Live Oak would refund Bel's deposit *in full*;

155.    Meyer, at all times relevant herein, knew that Bel would not receive a return of its Deposit.

156.    Meyer had knowledge that the statements he was making were false and intended that these representations to Bel would induce Bel to act on them.

157.    Bel relied on these statements to its detriment, including by entering into the Purchase Order and making the Deposit to Evolv.

158.    Meyer orchestrated a scheme to defraud Bel by obtaining Bel's Deposit without any intent to deliver to Bel the conforming and merchantable goods under the Purchase Order.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 23

159.    Meyer took Bel's Deposit (purportedly to secure shipment of goods) with knowledge that the undisclosed, downstream supply chain would not and could not deliver conforming, merchantable goods to Bel.

160.    Meyer's behavior towards Bel demonstrates nefarious intent and a careless disregard for honest business dealings.

161.    Meyer prayed on Bel during the COVID-19 pandemic and took advantage for his own, pecuniary gain.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Meyer, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT XI
## (Fraud – against Evolv)

162.    Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein

163.    Evolv made false statements concerning material facts to Bel

164.    Specifically, Evolv falsely represented to Bel that:

    a.    Live Oak was the manufacturer of hand sanitizer;

    b.    Evolv intended to fulfill the Purchase Order with conforming and merchantable goods;

    c.    Live Oak would refund Bel's deposit *in full*;

165.    Evolv had knowledge that that the statements it was making to Bel were false and intended that these representations would induce Bel to act on them.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 24

166.    Bel relied on these statements to its detriment, including by entering into the Purchase Order and making the Deposit to Evolv.

167.    Evolv entered into the Purchase Order with Bel on May 10, 2020 with knowledge that it was not able to deliver conforming and merchantable goods.

168.    Evolv, at all times relevant herein, was not a manufacturer of hand sanitizer and never intended to fulfill the Purchase Order with conforming and merchantable goods.

169.    Evolv's behavior demonstrates his careless disregard for Bel or Bel's end consumers.

170.    Evolv prayed on Bel during the Coronavirus and took advantage for its own, pecuniary gain.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Evolv, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

## COUNT XII
## <u>(Fraud – against Live Oak)</u>

171.    Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

172.    Live Oak made false statements concerning material facts to Bel

173.    Specifically, Live Oak falsely represented to Bel that:

a.      Live Oak was the manufacturer of hand sanitizer;

b.      Evolv intended to fulfill the Purchase Order with conforming and merchantable goods;

c.      Live Oak would refund Bel's deposit *in full*;

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 25

174.   Live Oak had knowledge that that the statements it was making to Bel were false and intended that these representations would induce Bel to act on them.

175.   Bel relied on these statements to its detriment, including by entering into the Purchase Order and making the Deposit to Evolv.

176.   Live Oak, at all times relevant herein, knew that Evolv was not a manufacturer of hand sanitizer and that Evolv never intended to fulfill the Purchase Order with conforming and merchantable goods.

177.   Live Oak, at all times relevant herein, knew that Key Mix was not a manufacturer of hand sanitizer and that Key Mix never intended to fulfill the Purchase Order with conforming and merchantable goods.

178.   Live Oak, at all times relevant herein, knew that Vital Pure never intended to fulfill the Purchase Order with conforming and merchantable goods.

179.   As documented by the June 9, 2020 Correspondence, Live Oak, through its agent Brad Meyer, promised to refund Bel its Deposit *in full*.

180.   In actuality, Live Oak, at all times relevant herein, knew that Bel would not receive a return of its Deposit and never had any intention of returning Bel's Deposit.

181.   Nonetheless, Live Oak's behavior demonstrates his careless disregard for Bel or Bel's end consumers.

182.   Live Oak prayed on Bel during the Coronavirus and took advantage for its own, pecuniary gain.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 26

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against

Live Oak, awarding Bel damages, and for all such further relief that this Court deems equitable

and just.

## COUNT XIII
### (Negligent Misrepresentation – against Meyer)

183.    Plaintiff adopts and realleges each and every allegation contained in Paragraphs 1

through 92 above as if specifically set forth herein.

184.    Meyer made misrepresentations concerning material facts to Bel.

185.    Specifically, Meyer misrepresented that:

    a.    Evolv was the manufacturer of hand sanitizer that was the subject of the
          Purchase Order;

    b.    There were no other entities involved in the supply chain in order to fulfill
          the Purchase Order;

    c.    Evolv would fulfill the Purchase Order with conforming, merchantable
          goods;

    d.    Evolv would fulfill the Purchase Order within a reasonable amount of time;

    e.    Evolv would arrange for substitute, conforming, and merchantable goods to
          be sent to Bel;

    f.    Evolv would return Bel's Deposit;

    g.    Evolv, Live Oak, Key Mix, and Vital Pure were "working to finalize the
          refund."

186.    Meyer either knew of the misrepresentations, made the misrepresentations without

knowledge of their truth or falsity, or should have known the representations were false.

187.    Meyer had knowledge that the statements it was making were false and intended

that these representations would induce Bel to act on them.

Pardo Jackson Gainsburg, PL · 200 S.E. 1st Street · Suite 700 · Miami, Florida  33131

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 27

188.   Bel justifiably relied and acted on these misrepresentations to its detriment

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against

Meyer, awarding Bel damages, and for all such further relief that this Court deems equitable and

just.

## COUNT XIV
### (Negligent Misrepresentation – against Evolv)

189.   Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1

through 92 above as if specifically set forth herein.

190.   Evolv, through its agent(s), made misrepresentations concerning material facts to

Bel.

191.   Specifically, Evolv misrepresented that:

a.   Evolv was the manufacturer of hand sanitizer that was the subject of the Purchase Order;

b.   There were no other entities involved in the supply chain in order to fulfill the Purchase Order;

c.   Evolv would fulfill the Purchase Order with conforming, merchantable goods;

d.   Evolv would fulfill the Purchase Order within a reasonable amount of time;

e.   Evolv would arrange for substitute, conforming, and merchantable goods to be sent to Bel;

f.   Evolv would return Bel's Deposit;

g.   Evolv, Live Oak, Key Mix, and Vital Pure were "working to finalize the refund."

192.   Evolv either knew of the misrepresentations, made the misrepresentations without

knowledge of their truth or falsity, or should have known the representations were false.

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 28

193.    Evolv had knowledge that the statements it was making were false and intended that these representations would induce Bel to act on them.

194.    Bel justifiably relied and acted on these misrepresentations to its detriment.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Evol, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

**COUNT XV**
**(Negligent Misrepresentation – against Live Oak)**

195.    Plaintiff adopts and reallege each and every allegation contained in Paragraphs 1 through 92 above as if specifically set forth herein.

196.    Live Oak, through its agent(s), made misrepresentations concerning material facts to Bel.

197.    Specifically, Live Oak (through its agent, Meyer, or others) misrepresented that:

a.    Evolv was the manufacturer of hand sanitizer that was the subject of the Purchase Order;

b.    There were no other entities involved in the supply chain in order to fulfill the Purchase Order;

c.    Evolv and/or Live Oak would fulfill the Purchase Order with conforming, merchantable goods;

d.    Evolv and/or Live Oak would fulfill the Purchase Order within a reasonable amount of time;

e.    Evolv and/or Live Oak would arrange for substitute, conforming, and merchantable goods to be sent to Bel;

f.    Evolv and/or Live Oak would return Bel's Deposit;

*Bel USA LLC v. Meyer, et. al.,* Case No.: 2020-cv-24421
Complaint
page 29

g.      Evolv, Live Oak, Key Mix, and Vital Pure were "working to finalize the refund";

h.      the refund process "has been started" as of July 6, 2020; and that

i.       Live Oak was doing "everything [it] can" to issue a refund to Bel.

198.    Live Oak either knew of the misrepresentations, made the misrepresentations without knowledge of their truth or falsity, or should have known the representations were false.

199.    Live Oak had knowledge that the statements it was making were false and intended that these representations would induce Bel to act on them.

200.    Bel justifiably relied and acted on these misrepresentations to its detriment.

**WHEREFORE**, Bel respectfully requests the Court enter judgment in its favor and against Live Oak, awarding Bel damages, and for all such further relief that this Court deems equitable and just.

### PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE

Respectfully submitted,

**PARDO JACKSON GAINSBURG, PL**
*Counsel for Plaintiff Bel*
200 Southeast 1st Street, Suite 700
Miami, Florida 33131
Telephone: (305) 358-1001
Facsimile:  (305) 358-2001
Email: joe@pardojackson.com
Email: mpardo@pardojackson.com

By: */s/ Joseph I. Pardo, Esq.*
        Joseph I. Pardo, Esquire
        Florida Bar No. 1003339
        Michael J. Pardo, Esquire
        Florida Bar No. 77562